This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**HAMOOD MALIK,**

Plaintiff-Appellant,

**v.**                                                                 **A-1-CA-37292**

**MICHAEL J. GOLDEN,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Judge**

Malik Hamood
Santa Cruz, NM

Pro Se Appellant

Sutin, Thayer & Browne, P.C.
Thomas E. Benjamin
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Plaintiff appeals the dismissal of his lawsuit arising out of Defendant's representation of Plaintiff's wife in a divorce action. [DS 1-2] This Court issued a

notice of proposed summary disposition, proposing to affirm the district court's dismissal on the basis of res judicata. [CN 5] Plaintiff has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we remain unpersuaded and now affirm.

{2} In his memorandum opposing affirmance, Plaintiff continues to assert that res judicata should not be applied to this suit because he is attempting to assert claims that he did not assert in the divorce action. [MIO 4] As our notice of proposed disposition pointed out, however, res judicata "does not depend upon whether the claims arising out of the same transaction were actually asserted in the original action, *as long as they could have been asserted.*" [CN 4 (quoting *Ford v. N.M. Dep't of Pub. Safety*, 1994-NMCA-154, ¶ 32, 119 N.M. 405, 891 P.2d 546)] Plaintiff's continued assertion that he did not actually assert his current claims in the prior suit does not provide this Court with any basis to reverse the dismissal entered below. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (explaining that the repetition of earlier arguments does not meet a party's burden to come forward and specifically point out errors of law or fact in a notice of proposed summary disposition), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{**3**}    Plaintiff also continues to assert that it would have been illogical to raise his current claims in the prior action. In his docketing statement, Plaintiff asserted that he could not "pursue fraud claims against [Defendant] in the same case where [Defendant] has already successfully deceived the judge." [DS 2] In his memorandum, Plaintiff now asserts that "the [j]udge and [Defendant] are working together to maximize their own ill-gotten financial gains." [MIO 5] These allegations, of course, have not been proven. Nonetheless, we understand these allegations, along with those contained in Plaintiff's complaint, to be the basis of Plaintiff's belief that he would not have succeeded if he had asserted his fraud claims during the divorce proceedings in which he believed that fraud was being committed.

{**4**}    The question before this Court, however, is not what would have happened if Plaintiff had brought his claims when he had the opportunity to do so. The question before this Court is simply whether those claims could have been asserted. *See Moffat v. Branch*, 2005-NMCA-103, ¶ 18, 138 N.M. 224, 118 P.3d 732 (noting that res judicata bars a plaintiff's "legal theories that he actually raised in the prior action as well as any theories that he could have raised"). Nothing in Plaintiff's memorandum persuades us that he could not have raised these issues during the prior litigation. Having failed to do so, res judicata bars him from raising them in a separate action.

{5}     Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the district court's order of dismissal.

{6}     **IT IS SO ORDERED.**

 

_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____

**M. MONICA ZAMORA, Judge**

_____

**JENNIFER L. ATTREP, Judge**